772 A.2d 921

IN THE MATTER OF KARL R. LAWNICK,
AN ATTORNEY AT LAW.

June 7, 2001.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 00–099 concluding that **KARL R. LAWNICK** of **ISELIN**, who was admitted to the bar of this State in 1988, and who thereafter was temporarily suspended from the practice of law by Order of this Court filed August 10, 1998, and who remains suspended at this time, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to commu-

nicate), *RPC* 1.4(b) (failure to explain matter to extent necessary to permit client to make informed decision), *RPC* 1.5(a)(4) (unreasonable fee), *RPC* 3.2 (failure to expedite litigation) and *RPC* 8.1(b) (failure to cooperate with ethics authorities);

And the Disciplinary Review Board further having concluded that prior to reinstatement respondent should demonstrate his fitness to practice and that on reinstatement he should practice law under supervision;

And good cause appearing;

It is ORDERED that **KARL R. LAWNICK** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement respondent shall demonstrate that he is fit to practice law; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until the further Order of the Court; and it is further

ORDERED that respondent shall comply with all requirements of the Court's Orders of August 10, 1998, April 6, 1999, and December 7, 1999; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.